UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LINDSAY ROTELLA,

                                    Plaintiff,

        v.                                              Civil Action No. _____

ATLANTIC RECOVERY SOLUTIONS, LLC
And DNF ASSOCIATES LLC,

                                    Defendants.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.  This is an action for actual and statutory damages brought in response to Defendants'
    violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter
    "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and
    unfair practices and the Telephone Consumer Protection Act of 1991 (hereinafter referred
    to as the "TCPA").

### II. JURISDICTION AND VENUE

2.  Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3.  Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts
    business here and the conduct complained of occurred here.

### III. PARTIES

4.  Plaintiff, Lindsay Rotella, is a natural person residing in the County of Niagara and State
    of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5.  Defendant, Atlantic Recovery Solutions, LLC, (hereinafter "ARS") is a domestic limited
    liability company organized and existing under the  laws of the State of New York and is
    a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6.  Defendant, DNF Associates, LLC, (hereinafter "DNF") is a domestic limited liability
    company organized and existing under the  laws of the State of New York and is a "debt
    collector" as that term is defined by 15 U.S.C. §1692a(6).

7.  Defendants regularly attempts to collect debts alleged to be due another.

8. That at all times relevant herein, Defendants owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

9. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C.§153(32).

10. That at all times relevant herein, Defendants have used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

11. That Defendants, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C.§153(22).

12. That Defendants, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C.§153(43).

13. That Defendants, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

14. That Defendants, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

15. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

16. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

17. That at all relevant time herein, ARS acted as agent-in-fact for DNF, and acted within the scope of their agency.

## IV. FACTUAL ALLEGATIONS

18. That Plaintiff allegedly incurred a debt to Yamaha Motor Sports. This debt will be referred to as "the subject debt."

19. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

2

20. That Plaintiff thereafter allegedly defaulted on the subject debt.

21. That upon information and belief, Defendant, was employed by the account holder to collect the subject debt.

22. That in or about November 2020, Defendant began calling and texting the Plaintiff on her cellular telephone in an attempt to collect on the subject debt.

23. That the Defendant initiated multiple telephone calls and text messages to Plaintiff's cellular telephone using an automated telephone dialing system and/or transmitted prerecorded voice messages and/or transmitted messages using an artificial voice.

24. That Plaintiff never provided her prior express consent to the Defendant to receive telephone calls or text messages from them to her cellular telephone.

25. Plaintiff received texts from Defendant that stated, "This text is from ARS, Lindsay Rotella we have time sensitive documentation under your Name & SSN# that we have been attempting to locate, and speak with you on behalf of. Can you please call 281-529-7321 to discuss your paperwork received, and refer to case # 2207735."

26. Plaintiff also received texts from the Defendant that stated, "This text is from ARS Lindsay Rotella we have a legally required notice we sent via mail. We have your SSN and NAME attached to documentation that requires your immediate attention. Any questions or concerns please call 281-529-7332 to discuss your paperwork received, and refer to case # 2207735."

27. In or about November 2020, Plaintiff received several voicemail messages from Defendant representative Mr. Maxwell. The messages did not state the required mini Miranda warning nor did they identify the name of the Defendant.

28. In or about November 2020, Plaintiff received a voicemail from Defendant representative Adrian Rose that stated, "I'm at Atlantic Recovery Solutions; I just received some paperwork here on my desk. It was forwarded up by Mr. Maxwell not really sure what is going on here. I guess you were supposed to secure, looks like a settlement with our office to take care of an issue to file 2207735. I'm getting ready to issue out some legally required notices to your place of employment to verify wages, tenure. I'm also going to do an asset retention search. It is very important I speak with you here today. My phone number is 716-587-8966. Thank you.

29. In or about November 2020, Plaintiff received a pre-recorded message in her voicemail from Defendant stating; this is ARS this message is solely intending for Lindsay Rotella, we have important documentation with your name and  social security number attached. Please call us back at 1-888-827-3602 to speak to the net available representative.

30. In or about November 30, 2020, Defendant contacted the Plaintiff's parents regarding the subject debt. That during this conversation, the Defendant disclosed the existence of the

alleged subject debt and asked Plaintiff's parents to pass a message to the Plaintiff to call the Defendant.

31. Despite Plaintiff not providing express consent to the Defendant to receive calls to her cellular telephone by an ATDS, Defendant knowingly and deliberately called Plaintiff on her cellular telephone using an automatic dialing system as defined by the TCPA.

32. Plaintiff never received a 30-day validation notice from the Defendant within five days of the initial communication.

33. The above-described collection conduct by Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

34. These collection actions taken by Defendant, and the collection employees employed by Defendant, were made in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of those laws cited herein.

35. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

36. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

37. Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

38. That the calls made by the Defendant rendered Plaintiff's telephone unavailable to receive incoming calls or to otherwise use during the unwanted calls.

39. That Plaintiff was annoyed and upset over receiving the above calls from the Defendant.

40. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

41. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 40 above.

42. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

   A.   Defendant violated 15 U.S.C. §1692b(2) and 15 U.S.C. §1692c(b) by disclosing the debt to Plaintiff's parents and asking them to pass a message to the Plaintiff for her to call the Defendant

   B.   Defendant violated 15 U.S.C. §1692c(b) by calling the Plaintiff's parents for reasons other than to confirm location information for the Plaintiff.

   C.   Defendant violated 15 U.S.C. §1692d (6) by failing to identify the full name of the company when contacting the Plaintiff in both voice messages and text messages.

   D.   Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692e(14) by engaging in false, deceptive, or misleading representation to collect a debt by using a name other than the true name of Defendant's business.

   E.   Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10)  15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f,  and 15 U.S.C. § 1692f(1) by threatening to send legally required notices to the Plaintiff' employer and/or to garnish Plaintiff's wages despite not having the legal ability to do so as the debt has not been reduced to a judgment.

   F.   Defendant violated 15 U.S.C. § 1692e(11) by failing to state the required mini Miranda warning in its voice messages and texts it sent to the Plaintiff.

   G.   Defendant violated 15 U.S.C. § 1692g by failing to send a 30 day validation notice within five days of the initial communication.

43. That Defendant DNF is vicariously liable for the tortious acts of Defendant ARS described herein pursuant to the laws of agency and otherwise.

44. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.


## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

45. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

46. The Defendants at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and  47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or using an  artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

47. The acts and/or omissions of the Defendants at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

48. The acts and/or omissions of the Defendants at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

49. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendants at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed her peace and tranquility at home and elsewhere.

50. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendants at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience emotional distress.

51. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendants at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys' fees.

52. Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

53. The Defendants caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling each Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3)

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a)  Actual damages;

(b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: October 29, 2021

/s/ Seth J. Andrews_____
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com